## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SENECA INSURANCE COMPANY, INC., | |
| | Case No. 2:23-cv-02836 |
| Plaintiff, | |
| v. | |
| 11630 CAROLINE ROAD ACQUISITIONS, INC.; PHILADELPHIA POLICE HOME ASSOCIATION d/b/a 7C LOUNGE a/k/a 7C LOUNGE AT PHILADELPHIA FRATERNAL ORDER OF POLICE, LODGE #5; | |
| Defendants. | |
| GREGORY CAMPBELL; RAMBLERS, LLC d/b/a THE CRISPIN TAVERN; 7701 Walker Street, LLC; and RAYMOND AND ANNA WAKEMAN; | |
| Interested Parties. | |

### VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT

Seneca Insurance Company, Inc. ("Plaintiff" or "Seneca"), by and through its undersigned counsel, brings this Complaint against 11630 Caroline Road Acquisitions ("Caroline Road") and Philadelphia Police Home Association d/b/a 7C Lounge a/k/a 7C Lounge at Philadelphia Fraternal Order of Police, Lodge #5 ("PPHA"), collectively ("Defendants"), and in support thereof, avers as follows.

## THE PARTIES AND NATURE OF THE ACTION

1.      Plaintiff Seneca Insurance Company, Inc., is a Delaware insurance company with its principal place of business located at 199 Water Street, New York, NY 10038.

2.      Caroline Road is a non-profit, Pennsylvania 501(c)(3) corporation located at 11630 Caroline Road, Philadelphia, PA 19154.

3.      PPHA is a non-profit, Pennsylvania 501(c)(3) corporation located at 1336 Spring Garden Street, Philadelphia, PA 19123.

4.      Caroline Road and PPHA are insured by Seneca pursuant to Policies UCM 5342878 and UCU 5351631 (collectively, the "Policies") with effective dates October 1, 2020 through October 1, 2021.  The applicable Policies are attached hereto as Exhibit A.

5.      This is an action brought by Seneca against Defendants for declaratory judgment, seeking a declaration that it is not obligated to provide a defense and/or indemnity under the Policies, in an underlying lawsuit styled *Wakeman v. Campbell, et al.*, May Term 2021, No. 000253, Case ID 210500253, pending before the Philadelphia Court of Common Pleas (the "underlying lawsuit"). A copy of the Amended Complaint in the underlying lawsuit is hereto attached as Exhibit B.

6.      In the underlying lawsuit, Raymond and Anna Wakeman ("Wakeman Plaintiffs") bring suit against Defendants Gregory Campbell ("Campbell"), Ramblers, LLC d/b/a The Crispin Tavern ("Ramblers"), 7701 Walker Street, LLC ("7701 Walker Street"), PPHA, and Caroline Road seeking compensatory and punitive damages for various counts.

7.      Specifically, the Wakeman Plaintiffs allege claims of negligence and recklessness under the Pennsylvania Dram Shop Act against PPHA and Caroline Road for failing to abide by the PLC and failing to protect the Wakeman Plaintiffs from foreseeable risks and/or dangers

2

arising from serving alcohol to Campbell while he was visibly intoxicated. Exhibit B, Count III, ¶¶71-72. Each Wakeman Plaintiff also asserts a Loss of Consortium claim against all Defendants. Exhibit B, Counts IV and V, ¶¶79-84.

8.      As a party to the underlying action, Gregory Campbell is an interested party to this declaratory judgment action. Upon information and belief, Mr. Campbell is an adult individual that resides at 864 Herschell Road, Philadelphia PA 19116.

9.      As a party to the underlying action, Ramblers, LLC d/b/a The Crispin Tavern is an interested party to this declaratory judgment action. Upon information and belief, The Crispin Tavern is located at 7701 Walker Street, Philadelphia, PA 19136.

10.      As a party to the underlying action, 7701 Walker Street, LLC is an interested party to this declaratory judgment action. Upon information and belief, 7701 Walker Street is a limited liability company with a principal place of business at 7701 Walker Street, Philadelphia, PA 19136.

11.      As a party to the underlying action, Raymond Wakeman is an interested party to this declaratory judgment action.  Upon information and belief, Mr. Wakeman is an adult individual that resides at 2841 Comly Road, Philadelphia PA 19154.

12.      As a party to the underlying action, Anna Wakeman is an interested party to this declaratory judgment action. Upon information and belief, Mrs. Wakeman is an adult individual that resides at 2841 Comly Road, Philadelphia PA 19154.

## JURISDICTION AND VENUE

13.      This Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 because the matters in controversy are valued at an amount in excess of $75,000.00, exclusive of interests and costs, and this dispute is between citizens of different states.

14.     This Court further has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

15.     Venue is proper under 28 U.S.C. § 1391(b) (1)-(3). Defendants' principal places of business are located in the Eastern District of Pennsylvania. Furthermore, the acts and/or omissions giving rise to the Wakeman Plaintiffs' claims, as described in the underlying lawsuit, occurred in the Eastern District of Pennsylvania.

16.     Seneca and Defendants are subject to personal jurisdiction in the Eastern District of Pennsylvania as they regularly do business in the region, and specifically, the city of Philadelphia.

## GENERAL FACTS AND ALLEGATIONS

17.     Philadelphia Fraternal Order of Police, Lodge #5 purchased insurance coverage, as outlined in the Policies' from Seneca for a coverage period of October 1, 2020 to October 1, 2021. *See* Exhibit B.

18.     Pursuant to the Policies' "Named Insurance Extension Schedule," coverage was extended to the Philadelphia Fraternal Order of Police Lodge #5, Fraternal Order of Police, Lodge #5 Legal Services Trust Fund, Fraternal Order of Police, Lodge #5 Retiree Health Benefits Joint Program Trust, Caroline Road and PPHA. *See* Exhibit B.

19.     Each Policy contains a "Liquor Liability" Exclusion, under Section I (2)(c), which provides in relevant part:

> a.     "This insurance does not apply to: (c) Liquor Liability: Bodily injury or property damage for which any insured may be held liable by reason of: (1) Causing or contributing to the intoxication of any person; (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages." *See* Exhibit B.

b. "This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in: (a) The supervision, hiring, employment, training or monitoring of others by that insured; or (b) Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol; if the occurrence which caused the bodily injury or property damage involved that which is described in Paragraph (1), (2), or (3)." *See* Exhibit B.

c. "However, this exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages." *See* Exhibit B.

d. "This exclusion does not apply to the extent that valid underlying insurance for the liquor liability risks described above exists or would have existed but for the exhaustion or would have existed but for the exhaustion of underlying limits for bodily injury and property damage. To the extent this exclusion does not apply, the insurance provided under this Coverage Part for the liquor liability risks described above will follow the same provisions, exclusions and limitations that are contained in the applicable underlying insurance, unless otherwise directed this insurance." *See* Exhibit B.

20.     As alleged in the Amended Complaint in the underlying lawsuit ("Amended Complaint"), on February 6, 2021, Campbell attended a "beef and beer fundraiser" at Rambler's Crispin Tavern ("The Crispin Tavern") where he was served "multiple alcoholic beverages," even after he was visibly intoxicated.  Exhibit A, ¶24-26.

21.     Campbell drove five miles to the PPHA's 7C Lounge at Philadelphia Fraternal Order of Police, Lodge #5 ("7C Lounge"), where it is alleged he showed signs of intoxication but was served additional "multiple alcoholic beverages" and, "was visibly intoxicated." *Id.* at ¶¶30-35.

22.     Campbell then left the 7C Lounge negligently or recklessly operating his vehicle at twice the posted speed limit, ran through a stop sign across four lanes of traffic, over a curb, and into the Wakeman Plaintiffs' home. *Id.* at ¶¶36-44, 55.

23.     By crashing through the front wall of the Wakeman Plaintiffs' home, Campbell struck each of the Wakeman Plaintiffs and both of the Wakeman Plaintiffs' dogs.  *Id.* at ¶¶44-48.

24.     As a result, the Wakeman Plaintiffs allegedly sustained bodily injuries and property damage, and their dogs were killed. *Id.* at ¶¶44-48, 53-54.

25.     At the time of his blood draw, approximately four hours after the accident, Campbell's "BAC was at an outrageous level, consistent with severe intoxication and gross impairment, and far exceeded the minimum threshold under Pennsylvania law" and, as such, he "was arrested and charged with aggravated assault by vehicle, DUI, criminal mischief, reckless driving, and other related offenses."  *Id.* at ¶¶50-52.

26.     On or about September 7, 2021, Wakeman Plaintiffs filed the underlying action against Defendants Campbell, Ramblers, 7701 Walker Street, PPHA, and Caroline Road seeking compensatory and punitive damages.

27.     Specifically, the Amended Complaint alleges Negligence/Recklessness against Campbell arising from his carelessly, negligently, and recklessly operating a vehicle while severely intoxicated and impaired due to the excessive consumption of alcoholic beverages at the Tavern and/or 7C Lounge.  *Id.* at Count I, ¶¶57-63.

28.     The Amended Complaint also asserts Dram Shop Act claims against Ramblers and Walker Street (*Id.* at Count II, ¶66) and PPHA and Caroline Road, as well as Loss of Consortium claims against all Defendants.  Exhibit B, Counts IV and V, ¶¶79-84.

29.     Under Count III of the Amended Complaint, entitled the "Dram Shop Act," the Wakeman Plaintiffs allege that PPHA and Caroline Road, and/or their agents, servants, and/or employees were careless, negligent, and/or reckless in doing one or more of the following:

   a.   "Selling, furnishing, serving, providing, and/or supplying alcoholic beverages to a visibly intoxicated patron" *See* Exhibit A, Count III, ¶73 (a);

b. "Permitting others to sell, furnish, serve, provide, and/or supply alcoholic beverages to a visibly intoxicated patron" *Id.* at ¶73 (b);

c. "Violations of the Pennsylvania Liquor Code ("PLC"), including provisions relating to the sale, supply, and/or furnishing of alcoholic beverages to a visibly intoxicated person by liquor licensees and their agents, servants, and/or employees" *Id.* at ¶73 (c);

d. "Selling, furnishing, serving, providing, and/or supplying alcohol to a person whom Defendants knew or should have known was visibly intoxicated and/or beyond the legal limit for alcoholic consumption" *Id.* at ¶73 (d);

e. "Selling, furnishing, serving providing, and/or supplying alcohol uncontrollably and unreasonably to a visibly intoxicated person without due and proper care for the consequences that could result therefrom, including severe injury as a result of a visibly intoxicated person driving while intoxicated" *Id.* at ¶73 (e);

f. "Failing to perform an adequate and necessary investigation to determine whether alcohol was being served to visibly intoxicated patrons" *Id.* at ¶73 (f);

g. "Failing to properly train agents, servants, and/or employees with respect to applicable laws and regulations pertinent to serving visibly intoxicated patrons" *Id.* at ¶73 (g);

h. "Failing to properly supervise agents, servants, and/or employees with respect to applicable laws and regulations pertinent to serving visibly intoxicated patrons" *Id.* at ¶73 (h);

i. "Failing to establish, monitor and administer programs, policies, and/or procedures to prevent the overserving of visibly intoxicated patrons" *Id.* at ¶73 (i);

j. "Failing to enforce any programs, policies, and/or procedures with regard to over service of visibly intoxicated patrons" *Id.* at ¶73 (j);

k. "Failing to establish, monitor, and administer programs, policies, and/or procedures to identify patrons who were visibly intoxicated and/or under the influence" *Id.* at ¶73 (k);

l. "Failing to enforce any programs, policies, and/or procedures to identify patrons who were visibly intoxicated and/or under the influence" *Id.* at ¶73 (l);

m.  "Fostering an atmosphere conducive to drinking to excess, thereby creating a foreseeable risk of severe injury as a result of a visibly intoxicated person driving while intoxicated" *Id.* at ¶73 (m);

n.  "Failing to perform an adequate and necessary investigation to determine the excessive service of alcoholic beverages to patrons" *Id.* at ¶73 (n);

o.  "Failing to require agents, servants, and/or employees to undergo Responsible Alcohol Management Practices ("RAMP") training to lessen the likelihood of dangerous alcohol practices, including excessive service of alcoholic beverages to patrons" *Id.* at ¶73 (o);

p.  "Failing to require managers to undergo RAMP training" *Id.* at ¶73 (p);

q.  "Failing to enforce any programs, policies, and/or procedures with regards to the service of alcohol to patrons" *Id.* at ¶73 (q);

r.  "Violating Pennsylvania's Dram Shop Act, § 47 P.S. 4-493(1), and other laws and statutes" *Id.* at ¶73 (r);

s.  "Selling, furnishing, and/or giving liquor or malt or brewed beverages by a licensee or his agent, servant, and/or employee to a customer who was visibly intoxicated and who inflicted damage on a third person in violation of 47 P.S. §  4-497" *Id.* at ¶73 (s);

t.  "Failing to take any steps to protect innocent third parties for the foreseeable risks of a visibly intoxicated person driving while intoxicated after selling, furnishing, serving, providing, and/or supplying alcoholic beverages to a visibly intoxicated patron"  *Id.* at ¶73 (t);

u.  "Failing to exercise the requisite reasonable care to prevent Defendant Campbell from leaving Defendants' premises so as to protect innocent third parties from the foreseeable dangers and consequences of a severely intoxicated person driving a motor vehicle" *Id.* at ¶73 (u); and,

v.  "Failing to take any measures to protect innocent third parties from the dangers of an intoxicated person driving a motor vehicle, despite Defendants' knowledge that Defendant Campbell was visibly intoxicated and would be operating a motor vehicle when leaving Defendants' premises." *Id.* at ¶73 (v).

30.  Pursuant to language of the applicable Policies, Seneca determined that it has no potential or actual obligation to provide a defense to PPHA, as the claims asserted against PPHA

arise under the Dram Shop Act, are pleaded as such, and fall squarely within the scope of the Policies' Liquor Liability Exclusion. *See* Exhibit C.

31.    Also pursuant to the Policies, Seneca has provided an initial defense to Caroline Road under UCM 5342878, subject to a full and complete reservation of rights pending Seneca's review and investigation of the claim. *See* Exhibit D.

32.    Coverage opinion letters were issued by Seneca to PPHA and Caroline Road on or around November 3, 2022, denying coverage and outlining the reasoning supporting its coverage determinations under each policy. *See* Exhibits C and D.

33.    PPHA and Caroline Road sent a demand letter to Seneca, dated May 9, 2023, disputing Seneca's coverage determinations as set forth in the November 3, 2022 letters, and demanded that Seneca tender the full limits of the Policies, in the amount of $6,000,000.00, on behalf of PPHA and Caroline Road. *See* Exhibit E.

34.    Pursuant to its obligations under the Policies, Seneca refused Defendants' demand.

35.    Seneca now seeks a declaration that :

    a.  Seneca is not obligated to defend and/or indemnify Caroline Road and PPHA in the underlying lawsuit because no coverage is available to the Defendants under the applicable Policies for the claims asserted in the underlying lawsuit; and,

    b.  The initial defense provided by Seneca to Caroline Road and PPHA in the underlying action was performed under an enforceable reservation of rights that was later timely and validly invoked by Seneca, and therefore Seneca is not obligated to further defend and/or indemnify Caroline Road and PPHA in the underlying lawsuit.

**COUNT 1 – DECLARATORY JUDGMENT PURSUANT TO THE DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**
**PLAINTIFF V. PPHA**

36.    Seneca incorporates Paragraphs 1 through 35 of this Complaint herein by reference.

37.     Each of the applicable Policies contains a "Liquor Liability" Exclusion, under Section I (2)(c), which provides in relevant part:

e.     "This insurance does not apply to: (c) Liquor Liability: Bodily injury or property damage for which any insured may be held liable by reason of: (1) Causing or contributing to the intoxication of any person; (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages." *See* Exhibit B.

f.     "This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in: (a) The supervision, hiring, employment, training or monitoring of others by that insured; or (b) Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol; if the occurrence which caused the bodily injury or property damage involved that which is described in Paragraph (1), (2), or (3)." *See* Exhibit B.

38.     As noted above, the claims for damages against PPHA in the underlying lawsuit stem directly the furnishing of alcoholic beverages at property owned, operated, or controlled by PPHA, resulting in the intoxication of Gregory Campbell in violation of state laws, ultimately bringing about the injury and damages to the Wakeman Plaintiffs.

39.     Under the plain language of the Policies' Liquor Liability Exclusion, Seneca has no obligation to defend and/or indemnify PPHA for the claims asserted against it in the underlying lawsuit arising under the Pennsylvania Dram Shop Act, and/or negligence claims.

40.     Seneca has no obligation to tender its policy limits in relation to the underlying lawsuit for PPHA.

41.     Despite the plain language of the Policies, PPHA has demanded that Seneca tender the Policy limits and provide a defense.

42.     As such, an actual and justiciable controversy exists between Seneca and PPHA as to Seneca's obligation to defend and/or indemnify PPHA for the underlying lawsuit.

43.     This Court should enter a declaratory judgment that Seneca is not obligated to indemnify and/or defend PPHA for the underlying lawsuit.

**COUNT II – DECLARATORY JUDGMENT PURSUANT TO THE DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**
**PLAINTIFF V. CAROLINE ROAD**

44.     Seneca incorporates Paragraphs 1 through 43 of this Complaint herein by reference.

45.     Similarly, the claims for damages against Caroline Road in the underlying lawsuit stem directly from the furnishing of alcoholic beverages at property owned, operated or controlled by Caroline Road, resulting in the intoxication of Gregory Campbell in violation of state laws, ultimately bringing about the injury and damages to the Wakeman Plaintiffs.

46.     Under the plain language of the Policies' Liquor Liability Exclusion, Seneca has no obligation to defend and/or indemnify Caroline Road for the underlying lawsuit for the claims asserted against it in the underlying lawsuit arising under the Pennsylvania Dram Shop Act, and/or negligence claims.

47.     Seneca has no obligation to tender its policy limits or provide a defense in relation to the underlying lawsuit for Caroline Road.

48.     Despite the plain language of the Policies, Caroline Road has demanded that Seneca tender the Policy limits and provide a defense.

49.     An actual and justiciable controversy exists between Seneca and Caroline Road as to Seneca's obligation to defend and/or indemnify Caroline Road for the underlying lawsuit.

50.     This Court should enter a declaratory judgment that Seneca is not obligated to indemnify and/or Caroline Road for the underlying lawsuit. Upon such judgment, Seneca shall withdraw its preliminary defense of Caroline Road.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE,** Seneca respectfully requests that the Court:

a.   Enter judgment in its favor against PPHA on Count I of the Complaint declaring that Seneca is not obligated to defend and/or indemnify PPHA against any and all liability costs, judgments, or other damages arising from the underlying lawsuit;

b.   Enter judgment in its favor against Caroline Road on Count II of the Complaint declaring that Seneca is not obligated to defend and/or indemnify Caroline Road against any and all liability costs, judgments, or other damages arising from the underlying lawsuit; and,

c.   Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: July 26, 2023                                    GORDON REES SCULLY MANSUKHANI, LLP

/s/ *Brant T. Miller, Esquire*
Brant T. Miller, Esquire
Pa. I.D. No. 83297
btmiller@grsm.com
707 Grant Street, Suite 3800
Pittsburgh, PA  15219
(412) 577-7400 – Phone
(412) 347-5461 – Fax
*Counsel for Seneca Insurance Company, Inc.*

## **<u>VERIFICATION</u>**

I, John Mrakovcic, Vice President of HO Claims for Seneca Insurance Company, Inc., do hereby and state pursuant to 28 U.S.C. § 1746 that I am authorized to make this verification on behalf of Seneca Insurance Company, Inc. I have read the foregoing Verified Complaint and know the contents thereof and stat that the allegations are true to the best of my knowledge. I base this Verification on my own knowledge, except as to matters therein stated to be alleged upon information and belief and, as to those matters, I believe them to be true. The grounds of my knowledge, information belief are derived from my position, my personal involvement in this underlying investigation, and my general investigation of the facts and circumstances described in the Verified Complaint, including, without limitation, my review of Seneca Insurance Company, Inc.'s records and conversations with Seneca Insurance Company, Inc.'s employees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 30th day of June, 2023.

*John Mrakovcic*
_____
John Mrakovcic, VP Claims – HO Claims
Seneca Insurance Company, Inc.